IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:19-cr-43–HEH |
| ) | |
| JABALI DICKERSON, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

THIS MATTER is before the Court on federal inmate Jabali Dickerson's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 190). Petitioner is proceeding *pro se*. The Government filed a Motion to Dismiss in which it argues that the § 2255 Motion is untimely under the one-year statute of limitations governing 28 U.S.C. § 2255 motions. (ECF No. 32.) Petitioner has not responded.

## I. PROCEDURAL HISTORY

On April 16, 2019, Petitioner plead guilty to a one-count Indictment charging him with possession of a firearm by a convicted felon. (ECF No. 14 ¶ 1.) On July 15, 2019, the Court entered Petitioner's Judgment in a Criminal Case and sentenced him sixty-three (63) months of imprisonment on Count One. (ECF No. 25, at 1–2.)

Over four and a half years later, on December 30, 2024, Petitioner filed his § 2255 Motion. (ECF No. 30.) Petitioner contends that his conviction for possession of a

firearm by a convicted felon is unconstitutional and violates the Second Amendment. (*Id.* at 1–2.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Running of the Statute of Limitations

Petitioner's conviction became final Monday, July 29, 2019, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Thus, Petitioner had until Wednesday, July 29, 2020, to file a § 2255 motion challenging his conviction and

2

sentence. Because Petitioner did not file his § 2255 Motion until December 30, 2024, the § 2255 Motion is untimely.

Therefore, Petitioner's § 2255 Motion is barred by the statute of limitations unless he demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. Petitioner fails to provide any argument that his § 2255 Motion is timely.

Nevertheless, the Court will consider whether Petitioner is entitled to belated commencement of the limitations period under § 2255(f)(3) based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).

**B.     Belated Commencement**

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date on which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012).

The United States Court of Appeals for the Fourth Circuit has concluded that the Supreme Court

> has "recognized" an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way. *Cf. Williams v. Taylor*, 529 U.S. 362, 412 (2000) (interpreting the phrase "clearly established Federal law, as determined by the Supreme Court" within another provision of AEDPA to mean "the holdings, as opposed to the dicta" of Supreme Court precedent). Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not "recognized" that right. *Cf. Tyler v. Cain*, 533 U.S. 656, 662–64 (2001) (interpreting the word "made" within another provision of AEDPA— "made retroactive to cases on collateral review by the Supreme Court"—to mean "held").

*United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (parallel citations omitted). "But a Supreme Court holding which is 'merely an application' of a preexisting right will not suffice." *United States v. Barragan-Gutierrez*, 136 F.4th 998, 1002–03 (10th Cir. 2025) (quoting *Chaidez v. United States*, 568 U.S. 342, 347–48 (2013)).

"Modern doctrine on the right to bear arms is shaped in large part by the Supreme Court's decision in *District of Columbia v. Heller*, which recognized a general Second Amendment right to possess firearms by law-abiding citizens in defense of their home." *Id.* at 1003 (citing *Heller*, 554 U.S. 570 (2008)).[1] "[N]othing in [*Bruen and Rahimi*] suggest that *Heller*'s application to new factual circumstances amounted to a newly

---

[1] In *Bruen*, the Supreme Court "extended *Heller*'s protection for carrying handguns in the home to carrying them publicly." *United States v. Diaz*, 116 F.4th 458, 463 (5th Cir. 2024) (citing *Bruen* 597 U.S. at 8–9), *cert. denied*, 145 S. Ct. 2822 (2025). In *United States v. Rahimi*, the Court considered the constitutionality of a federal statute prohibiting the possession of a firearm by an individual subject to a domestic violence restraining order. 602 U.S. 680, 684–86 (2024).

4

minted constitutional right that could" restart the statute of limitations. *Id.* "*Bruen* and *Rahimi* are 'merely an application' of an existing right or principle." *Id.* (quoting *United States v. Hopkins*, 920 F.3d 690, 698 (10th Cir. 2019)); *see also United States v. Price*, 111 F.4th 392, 400 (4th Cir. 2024) ("Nothing in *Bruen* abrogated *Heller*'s extensive discussion of the contours of the scope of the right enshrined in the Second Amendment."), *cert. denied*, 145 S. Ct. 1891 (2025); *Hall v. United States*, No. 3:21–cr–44, 2024 WL 5372256, at *3 (N.D. W. Va. July 11, 2024) ("[Section] 2255(f)(3), which permits an extension of the one-year time limit based on a newly recognized Supreme Court ruling which is applied retroactively to cases on collateral review, is unavailable and inapplicable, as the Supreme Court in *Rahimi* did neither), *report and recommendation adopted*, No. 3:21–cr–00044, 2025 WL 350390 (N.D. W. Va. Jan. 30, 2025). Accordingly, Petitioner is not entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

### III. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 30) will be denied. The Motion to Dismiss (ECF No. 32) will be granted. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 24, 2025
Richmond, Virginia